(Reap. Dec. 9528)

PABLO ADLER *v*. UNITED STATES

Entry Nos. 914454; 736830; 722251.

(Decided October 29, 1959)

Plaintiff not represented by counsel.

*George Cochran Doub*, Assistant Attorney General (*Samuel D. Spector*, trial attorney), for the defendant.

MOLLISON, Judge: These are appeals for reappraisement of the value of certain rubber goods exported from England in June and July 1953. The appeals were consolidated for the purpose of trial together.

The merchandise was entered at the invoice value of 7 shillings per gross, less charges for cartage, freight, and insurance, and less $3\frac{3}{4}$ per centum cash discount. It was appraised at 9 shillings, 6 pence, per gross, less $3\frac{3}{4}$ per centum, packed.

When the cases were called for trial, it appeared that the business arrangements for the purchase of merchandise such as that at bar had been made 2 or 3 years before the present importations, and that the invoiced price was the price established at that time and was the price paid by the importer in the case of all subsequent importations, including the present shipments.

It also appeared, however, that the plaintiff was unable to establish the market value of such or similar merchandise at or about the time of exportation of the shipments covered by these cases, i.e., in June and July 1953, or, in any event, to establish that the earlier price had not changed.

On the record presented, I have no other course than to hold that inasmuch as the plaintiff has failed to establish a value for the merchandise other than that returned by the appraiser, by operation of the statutory presumption attaching to the value returned by the appraiser (section 2633, title 28, U.S. Code), the value of the merchandise at bar is that found by the appraiser.

Judgment will issue accordingly.